UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRINAPHA SUWANPHANICH,<br><br>      Plaintiff,<br><br>v.<br><br>CHEM PRO, LLC et al.,<br><br>      Defendants. | Case No. 2:24-cv-00219-SB-JC<br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |

      Plaintiff Sirinapha Suwanphanich filed the complaint in this employment case in Los Angeles County Superior Court on October 26, 2023, against Defendants Water Engineering, Inc. and Chem Pro, LLC. Water Engineering, Inc. filed a notice of removal on January 9, 2024. Dkt. No. 1.

      Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

      A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Water Engineering removed on the basis of diversity jurisdiction. In its notice of removal, Water Engineering identified its state of incorporation as Minnesota and the state of its principal place of business as Nebraska. Dkt. No. 1. Water Engineering identified Chem Pro, LLC's "state of incorporation" as Delaware and its principal place of business as Nebraska. *Id.* But it appears from Chem Pro, LLC's name that it is a limited liability company, and the citizenship of a limited liability company is determined by the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, the removing party has not yet shown complete diversity of citizenship.

Accordingly, Defendant is ORDERED to show cause, in writing, by no later than January 24, 2024, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. *Failure to timely comply will result in remand.*

Date: January 16, 2024

                                                   Stanley Blumenfeld, Jr.
                                                   United States District Judge